This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-Appellant Kevin Pruiett has appealed from a judgment of the Summit County Court of Common Pleas that found him guilty of two counts of domestic violence and sentenced him to two years of incarceration, to be served consecutively. This Court affirms.
 I
Detective Gary Shadie of the Akron Police Department responded to a domestic disturbance call at 731 Edgewood Avenue. When he arrived on the scene, Detective Shadie was met by Lillie Pruiett, Appellant's mother, and Chic Pruiett, Appellant's fourteen-year-old sister. Both Lillie and Chic told Detective Shadie that Appellant had assaulted them.
After conducting an investigation, Detective Shadie left the premises to look for Appellant. Detective Shadie eventually apprehended Appellant and placed him under arrest, and returned to 731 Edgewood Avenue to explain to Chic and Lillie that he had arrested Appellant. Lillie and Chic then followed the Detective to the police station, where they signed complaints and swore out affidavits describing Appellant's conduct.
Appellant was charged with two counts of domestic violence in violation of R.C. 2919.25(A). Following a trial, a jury returned verdicts of guilty on both counts. The trial court sentenced Appellant to consecutive terms of one year of incarceration on each count. Appellant has appealed, asserting seven assignments of error.
 II Assignment of Error Number One The conviction for domestic violence is not supported by the evidence.
 Assignment of Error Number Two The judgment of the trial court is against the manifest weight of the evidence.
 Assignment of Error Number Six The trial court erred to [Appellant's] prejudice by denying [Appellant's] motion for judgment of acquittal at the close of the prosecution's case and at the conclusion of all the evidence, where the state of the evidence was such where reasonable minds could not fail to find reasonable doubt and [Appellant's] conviction is not supported by the evidence.
In assignments of error one, two, and six, Appellant has argued that his convictions for domestic violence are against both the sufficiency and the manifest weight of the evidence. This Court disagrees.
In determining whether a conviction is against the manifest weight of the evidence, this Court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. An appellate court that overturns a jury verdict as against the manifest weight of the evidence acts in effect as a "thirteenth juror," setting aside the resolution of testimony and evidence as found by the trier of fact. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387. This action is reserved for the exceptional case where the evidence presented weighs heavily in favor of the defendant. Otten, supra. "A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." State v. Haydon (Dec. 22, 1999), Summit App. No. 19094, unreported, appeal not allowed (2000), 88 Ohio St.3d 1482, citing State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported. Additionally, it is well established that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
R.C. 2919.25(A) provides: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." Appellant was convicted of two counts of domestic violence — one for striking his mother Lillie, and one for biting his sister Chic. Because Appellant previously had been convicted of domestic violence, each count against Appellant was a felony of the fifth degree. R.C. 2919.25(D).
Appellant has argued that the evidence was insufficient to prove the elements of domestic violence because no injury to Lillie or Chic was shown, and because the state closed its case without adducing any evidence as to Appellant's prior convictions for domestic violence.
Detective Shadie was the only witness to testify at trial. He stated that when he arrived at the Pruietts' residence, both Lillie and Chic were upset, crying, yelling, and shaking. According to Detective Shadie, Chic told him that Appellant came into her room and began calling her derogatory names, grabbed her around her neck, and bit her. The Detective testified that he observed a very small red mark on the side of Chic's neck.
Detective Shadie testified that he next spoke with Lillie. According to the Detective's testimony, Lillie told him that she confronted Appellant about his attack on Chic, and Appellant responded by striking Lillie on the side of her head with his fist.
Appellant also introduced into evidence the victim statement forms completed by Lillie and Chic at the police station on the night of Appellant's arrest. Both statements identify Appellant as the assailant. The description of the violation in each statement also states that Appellant struck Lillie in the face, and that he choked and bit Chic.
Appellant is correct that the state did close its case before submitting evidence of Appellant's prior domestic violence conviction. However, the record reveals that the trial court granted the state's motion to reopen its case for the purpose of introducing an exhibit demonstrating Appellant's prior conviction. The record further shows that Appellant stipulated to the state's exhibit, which was a photocopied journal entry, according to which Appellant pled guilty to one count of domestic violence on January 11, 2000.
The decision of whether to permit a party who has rested to reopen his case is within the sound discretion of the trial court. Ketcham v.Miller (1922), 104 Ohio St. 372, paragraph three of the syllabus. Abuse of discretion "implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." State exrel. Shafer v. Ohio Turnpike Comm. (1953), 159 Ohio St. 581, 590-91. Appellant has not shown any abuse of discretion by the trial court in permitting the state to reopen its case. The exhibit demonstrating Appellant's prior domestic violence conviction was therefore properly admitted into evidence.
This Court cannot conclude that, given the evidence before it, the jury lost its way or created a manifest miscarriage of justice such that Appellant's convictions must be reversed. Appellant's contention that his convictions are against the manifest weight of the evidence is without merit.
This Court has previously noted that "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis sic.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported. Accordingly, having found that Appellant's convictions were not against the manifest weight of the evidence, this Court need not discuss further his challenge to the sufficiency of the evidence. Appellant's first, second, and sixth assignments of error are overruled.
 Assignment of Error Number Three The trial court erred and abused its discretion when it sentenced [Appellant].
In his third assignment of error, Appellant has argued that the trial court erred in sentencing Appellant. Specifically, Appellant has asserted that the trial court failed to make the findings required by statute before imposing sentences of imprisonment for felonies of the fifth degree. Appellant has also contended that the trial court failed to make the necessary findings setting forth its reasons for selecting the sentence it imposed on Appellant.
The standard of review on an appeal of a sentencing order is set forth at R.C. 2953.08(G), and requires this Court to determine whether the trial court clearly and convincingly acted contrary to law or record. Clear and convincing evidence "will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121,122, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
In sentencing an offender for a felony of the fifth degree, the sentencing court must determine whether any of the factors enumerated at R.C. 2929.13(B)(1) (a) through (i) applies. R.C. 2929.13(B)(1). If the trial court finds that any of these factors applies, that a prison term is consistent with the principles and purposes of sentencing described at R.C. 2929.11, and that the offender is not amenable to an available community control sanction, the trial court must impose a prison term on the offender. R.C. 2929.13(B)(2)(a). In making these determinations, the trial court must consider the factors relevant to the seriousness of the offense and the likelihood of the offender's recidivism. Id.; R.C.2929.12(A).
In the instant case, each of the requisite findings was expressly set forth in the trial court's journal entry of sentence. The trial court's journal entry states that: (1) Appellant caused physical harm to a person; (2) the court considered the seriousness and recidivism factors under R.C. 2929.12; (3) a prison term was consistent with the principles and purposes of sentencing under R.C. 2929.11; and (4) Appellant was not amenable to a community control sanction. Having made these findings, the trial court was required to impose a prison term on Appellant pursuant to R.C. 2929.13(B)(2)(a).
A sentence of imprisonment for a fifth degree felony may range from six to twelve months. R.C. 2929.14(A)(5). The trial court may impose the maximum authorized prison term for a felony upon an offender who has previously served a prison term when the court finds that the defendant committed the worst form of the offense or poses the greatest likelihood of committing future crimes. R.C. 2929.14(B) and (C). In addition, the trial court must "make a finding that gives its reasons for selecting the sentence imposed" where the trial court imposes the maximum sentence for multiple offenses arising out of a single incident. R.C. 2929.19(B)(2)(e); see also State v. Edmonson (1999), 86 Ohio St.3d 324, 328-29 (noting trial court's failure to provide a "finding that gives its reasons" for imposing the maximum sentence on an offender for a single offense, as required by R.C. 2929.19(B)(2)(d)).
In this case, after noting at the sentencing hearing the seriousness of the offenses and Appellant's prior record, the trial court stated that Appellant posed the greatest likelihood of committing future crimes. Specifically, the trial court remarked that Appellant had two felony domestic violence convictions in 1999, for which he was sentenced to two consecutive terms of six months. The court also noted that Appellant had been convicted once in 1997, and once in 1996, of misdemeanor domestic violence, and that in 1986, he had been convicted of aggravated arson and sentenced to six to twenty-five years. Accordingly, the trial court did not err in sentencing Appellant to the maximum term of imprisonment.
In addition, the trial court may impose consecutive sentences if the court finds:
 [T]hat the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds [that] * * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
* * *
R.C. 2929.14(E)(4)(b). The trial court must also give "its reasons for imposing the consecutive sentences[.]" R.C. 2929.19(B)(2)(c).
In the instant case, the trial court's journal entry of sentence contains the findings required for the imposition of consecutive sentences. This satisfies the trial court's obligations pursuant to R.C.2929.14(E)(4). See State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, at 4. In addition, the record of the sentencing hearing reveals that the trial court stated the following:
 Sir, as long as I have been around, I don't think I have ever seen anyone with as bad a record as relates to domestic violence as you have. I don't know why you can't get a handle on your anger. I don't know the answer to that, but you are scary in the community until you do get a handle on your anger. Someone that would do what you have been convicted now of doing to a younger sister and a mother * * * just cannot be tolerated.
* * *
 I am going to run those consecutive, because I believe your criminal history shows that consecutive terms are needed to protect the public, so I am going to give you two years.
These reasons satisfy the requirements of R.C. 2929.19(B)(2)(c). Therefore, this Court finds no error in the trial court's imposition of consecutive sentences.
The trial court made the necessary findings in sentencing Appellant. Appellant's third assignment of error is overruled.
 Assignment of Error Number Four The trial court erred and abused its discretion when it dismissed a juror solely because he stated that he would have trouble with voting to convict [Appellant] since that might result in incarceration.
In his fourth assignment of error, Appellant has argued that the trial court erred in dismissing for cause a potential juror who stated that he did not think he could vote to convict Appellant because of his own recent conviction and incarceration. This Court disagrees.
Crim.R. 24(B)(9) provides that a person called as a juror may be challenged for cause if:
 he is possessed of a state of mind evincing enmity or bias toward the defendant or the state; but no person summoned as a juror shall be disqualified by reason of a previously formed or expressed opinion with reference to the guilt or innocence of the accused, if the court is satisfied, from the examination of the juror or from other evidence, that he will render an impartial verdict according to the law and the evidence submitted to the jury at the trial.
The determination of whether a prospective juror will follow the law as given by the court is within the discretion of the trial judge. State v.Henderson (1988), 39 Ohio St.3d 24, 27, cert. denied (1989), 489 U.S. 1072,109 S.Ct. 1357, 103 L.Ed.2d 824. Accordingly, "[a] trial court's ruling on a challenge for cause will not be disturbed on appeal unless it is manifestly arbitrary and unsupported by substantial testimony so as to constitute an abuse of discretion." State v. Schiebel (1990),55 Ohio St.3d 71, 78.
In the instant case, a potential juror approached the court during voire dire and indicated that he had recently gotten out of jail, and that this experience would make it difficult for him to make a decision in Appellant's case. A colloquy ensued between the prospective juror, counsel for the state, and counsel for Appellant, which included the following exchange:
 [Prosecutor]: If the Judge tells you that you can't let any sympathy that you may feel for the defendant come into your decision-making process, do you think you could follow that instruction?
 [Prospective juror]: I mean, truthfully, I don't think I could.
* * *
 [Counsel for Appellant]: I hear you are saying it would be hard. Are you saying you are unable to do it, or you would be able to do it, but it would be hard to?
 [Prospective juror]: I would probably have to say I couldn't do it.
When the questioning by counsel concluded, the trial court granted, over Appellant's objection, the state's motion to dismiss the potential juror for cause.
Based on the prospective juror's responses to counsel's questions, the trial court determined that the potential juror would not be able to render an impartial verdict according to the law prescribed by the court. Appellant has failed to show any abuse of discretion by the trial court in its decision to dismiss the prospective juror for cause. Appellant's fourth assignment of error is overruled.
 Assignment of Error Number Five The trial court erred and abused its discretion when it permitted clearly hearsay testimony to be presented to the jury. This violated [Appellant's] constitutional rights to confront his accusers.
In his fifth assignment of error, Appellant has argued that the trial court erroneously admitted hearsay statements of Lillie and Chic under the excited utterance exception to the hearsay rule. Further, Appellant has asserted that the admission of these hearsay statements violated his constitutional rights to confront his accusers.
Evid.R. 803(2) defines an excited utterance as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Such a statement is admissible despite its hearsay nature if the following four conditions are satisfied:
 (a) that there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties and thereby make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, and thus render his statement or declaration spontaneous and unreflective,
 (b) that the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over his reflective faculties, so that such domination continued to remain sufficient to make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs,
 (c) that the statement or declaration related to such startling or occurrence or the circumstances of such startling occurrence, and
 (d) that the declarant had an opportunity to observe personally the matters asserted in his statement or declaration.
(Emphasis sic.) State v. Wallace (1988), 37 Ohio St.3d 87, 89, quotingPotter v. Baker (1955), 162 Ohio St. 488, paragraph two of the syllabus.
This Court reviews a trial court's decision regarding the admissibility of evidence under Evid.R. 803(2) for an abuse of discretion. State v.Apanovitch (1987), 33 Ohio St.3d 19, 25; see also Potter,162 Ohio St. at 500. In particular, the trial court has broad discretion in determining whether a declarant was under the stress of excitement caused by a startling event at the time the statement was made. State v. Smith (Nov. 8, 2000), Lorain App. No. 99CA007399, unreported, at 13. Abuse of discretion "implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." State exrel. Shafer v. Ohio Turnpike Comm. (1953), 159 Ohio St. 581, 590-91.
Appellant has argued that Detective Shadie's testimony that he was told by Lillie and Chic that Appellant struck them was erroneously admitted under the excited utterance exception to the hearsay rule. Specifically, Appellant has asserted that the Detective's testimony was insufficient to establish that the victims were under the stress of excitement at the time they made the statements.
Detective Shadie testified that when he arrived on the scene, "there were several people screaming and hollering all at the same time," and that he "had to calm the situation before [he] could at least find out what was actually going on." He further testified with respect to Chic, who met him at the door, that "[s]he was crying, she was upset, she was yelling, she was shaking." The Detective also stated that when he spoke with Lillie, he observed that she "was extremely upset. She was crying and she was shaking."
Having reviewed the record, this Court concludes that the trial court did not abuse its discretion in admitting the victims' statements under the excited utterance exception. The trial court was not acting with perversity of will, passion, prejudice, partiality, or moral delinquency when it determined that Detective Shadie's testimony sufficiently established that Lillie and Chic were under the stress of excitement at the time they made the statements to the Detective.
Appellant has also argued that because neither of the victims testified, his right to confront his accusers under the Ohio Constitution and Constitution of the United States were violated. However, evidence admitted under the excited utterance exception to the hearsay rule does not violate the Confrontation Clause of the Sixth Amendment to the United States Constitution. See White v. Illinois (1992), 502 U.S. 346, 357,112 S.Ct. 736, 743, 116 L.Ed.2d 848, 860; Idaho v. Wright (1990), 497 U.S. 805,820, 110 S.Ct. 3139, 3150, 111 L.Ed.2d 638, 656. Nor does it violate the Confrontation Clause found at Section 10, Article I of the Ohio Constitution. See State v. Johnson (Dec. 26, 1995), Ross App. No. 94 CA 2004, unreported, 1995 Ohio App. LEXIS 5845, at *24-26, appeal not allowed (1996), 76 Ohio St.3d 1405. Accordingly, Appellant's fifth assignment of error is overruled.
 Assignment of Error Number Seven Trial counsel was ineffective in failing to subpoenaed [sic] the two alleged victims to testify.
In his seventh assignment of error, Appellant has argued that he was denied effective assistance of counsel because his trial counsel did not subpoena Lillie and Chic to testify. This Court disagrees.
A two-pronged test must be satisfied to determine that the right to effective assistance of counsel has been violated:
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693. Appellant's demonstration of prejudice requires proof that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, paragraph three of the syllabus. This Court must also consider "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."Strickland, 466 U.S. at 690, 80 L.Ed.2d at 695. The burden of proof is borne by the appellant, and he must overcome the strong presumption of the adequacy of counsel's performance and that counsel's action might be sound trial strategy. State v. Smith (1985), 17 Ohio St.3d 98, 100. In addition, an attorney properly licensed in Ohio is presumed competent.State v. Lott (1990), 51 Ohio St.3d 160, 174.
Trial counsel's pursuit of debatable trial tactics and strategies does not constitute ineffective assistance. State v. Clayton (1980),62 Ohio St.2d 45, 49, cert. denied (1980), 449 U.S. 879, 101 S.Ct. 227,66 L.Ed.2d 102. "Decisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics. The mere failure to subpoena witnesses for a trial is not a substantial violation of defense counsel's essential duty absent a showing of prejudice." State v.Coulter (1992), 75 Ohio App.3d 219, 230.
In the instant case, the decision of trial counsel not to subpoena the victims was a matter of trial strategy, which this Court is not in a position to second guess. Moreover, Appellant has failed to show that his trial counsel's failure to subpoena Lillie and Chic prejudiced his defense. Appellant merely asserts, in spite of the written statements written and signed by the victims indicating that Appellant harmed them, that "[h]ad they been called to testify, [Appellant] anticipates that they would have admitted that [Appellant] had not harmed or assaulted them in any way." Accordingly, Appellant was not denied effective assistance of counsel at trial. Appellant's seventh assignment of error is overruled.
 III
Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
SLABY, P.J., CARR, J. CONCURS.